**SECURITIES AND EXCHANGE COMMISSION, Appellee**

v.

**MILAN GROUP, INC., also known as Milan Trading Group, Inc., Appellee.**

**Brynee K. Baylor, Appellant.**

Baylor & Jackson, PLLC,
et al., Appellees.

No. 13-5292.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 30, 2015.

Daniel Staroselsky, Michael Andrew Conley, Randall Wayne Quinn, Jacob H. Stillman, Securities and Exchange Commission, Washington, DC, for Plaintiff–Appellee.

Brynee K. Baylor Silver Spring, MD, pro se.

Baylor & Jackson, PLLC Washington, DC, pro se.

Brett Cooper, Philadelphia, PA, pro se.

Dawn R. Jackson, Washington, DC, pro se.

Patrick T. Lewis, Richmond, UT, pro se.

Christopher A. Glaser, Jackson & Campbell, PC, Dominic G. Vorv, The Vorv Form, PLLC, Washington, DC, for Defendant–Appellee.

Before: GARLAND, Chief Judge, PILLARD, Circuit Judge, and EDWARDS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties and oral arguments of counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed in part, and vacated and remanded in part.

Brynee Baylor appeals the District Court's grant of summary judgment for the Securities and Exchange Commission, in which the Court found Baylor liable for securities fraud under the Securities Act of 1933 and the Securities Exchange Act of 1934. See 15 U.S.C. §§ 77q(a), 77o(b); id. §§ 78j(b), 78t(e). The Court also held Baylor liable as both a seller of unregistered securities, in violation of 15 U.S.C. § 77e(a), and as a seller of securities without being registered as a broker-dealer, in violation of 15 U.S.C. § 78o(a). We affirm on the fraud counts because we agree with the District Court that no reasonable juror could find that Baylor did not act with scienter. Indeed, evidence of the requisite recklessness is overwhelming. See Graham v. S.E.C., 222 F.3d 994, 1000 (D.C.Cir. 2000). We also affirm the District Court's ruling that Baylor sold unregistered securities in violation of 15 U.S.C. § 77e(a), because she was clearly a substantial factor in Milan's sales. See Zacharias v. S.E.C., 569 F.3d 458, 467 (D.C.Cir.2009). Finally, we affirm the District Court's ruling that Baylor sold securities without being registered as a broker-dealer, in violation of 15 U.S.C. § 78o(a), as Baylor does not contest that finding before this Court.

Baylor also appeals the District Court's disgorgement order and imposition of civil penalties. We affirm the disgorgement order because it was within the Court's discretion to hold Baylor, her law firm Baylor & Jackson, PLLC, and the other defendants jointly and severally liable for the $2,665,000 in ill-gotten profits. However, we vacate and remand the District Court's order that Baylor and Baylor & Jackson, PLLC be held jointly and severally liable for a third-tier civil penalty of $746,266.

Although we do not decide the question, we note that the text of the relevant statutory provisions suggests that civil penalties are not properly imposed on a joint-and-several basis, *see* 15 U.S.C. § 77t(d); *id.* § 78u(d)(3), and that the Second Circuit so held in *S.E.C. v. Pentagon Capital Mgmt. PLC,* 725 F.3d 279, 287–88 (2d Cir.2013). Because the possible invalidity of this aspect of the court's order appears on the face of the statute, and the briefs did not take *Pentagon Capital* into account, we remand for the District Court to reconsider whether the penalty should have been imposed on a joint-and-several basis.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en Banc.* *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.